**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4471**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARINE KOJIA ALEAH EP MBENDEKE, a/k/a Carine Aleah Mbendeke,

Defendant - Appellant.

**No. 17-4490**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IRENE MARIE MBONO, a/k/a Irene Marie Settles,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:16-cr-00272-LMB-1; 1:16-cr-00272-LMB-2)

Submitted: June 25, 2018                                    Decided: September 19, 2018

Before KEENAN and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles Burnham, BURNHAM & GOROKHOV PLLC, Washington, D.C.; Melinda L. VanLowe, LAW OFFICE OF MELINDA L. VANLOWE, Fairfax, Virginia, for Appellants. Dana J. Boente, United States Attorney, Michael D. Minerva, Special Assistant United States Attorney, Christopher Catizone, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carine Kojia Aleah Ep Mbendeke and Irene Marie Mbono were indicted for their participation in a conspiracy to obtain permanent resident status for Cameroonian nationals by arranging fraudulent marriages with American citizens. Following a jury trial, Mbendeke was convicted of conspiracy to commit marriage fraud and defraud the United States, in violation of 18 U.S.C. § 371 (2012) (Count 1). Mbono, who elected to be tried by the district court during the same trial, was also convicted of Count 1, as well as making a materially false statement and representation, in violation of 18 U.S.C. § 1001(a)(2) (2012) (Count 2), and false swearing in an immigration matter, in violation of 18 U.S.C. § 1546(a) (2012) (Count 3). Mbendeke was sentenced to a prison term of one year and one day, and Mbono was sentenced to 30 days' imprisonment. Both Defendants timely appealed.

On appeal, Mbendeke challenges the district court's marriage fraud jury instruction and contends that the marriage fraud statute is unconstitutionally vague. Mbono argues that Counts 2 and 3 were insufficiently charged, that the evidence adduced at trial failed to support her conspiracy conviction, and that an immigration official entrapped her to commit perjury. For the reasons that follow, we affirm.

We review de novo whether the district court's jury instruction incorrectly stated the law. *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir. 2018). In assessing a district court's jury instructions, "we must determine whether, taken as a whole, the instruction fairly states the controlling law." *United States v. Chikvashvili*, 859 F.3d 285, 291 (4th Cir. 2017) (internal quotation marks omitted). Here, the district court instructed the jury

3

that a marriage fraud conviction requires proof that the defendant "had reason to know that . . . her conduct was unlawful." Mbendeke contends that marriage fraud requires actual knowledge, not constructive knowledge, that she violated the law. The statute, however, simply covers "[a]ny individual who knowingly enters into a marriage for the purpose of evading any provision of the immigration laws." 8 U.S.C. § 1325(c). Unless otherwise provided, "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense," rather than proof of knowledge of the law. *Bryan v. United States*, 524 U.S. 184, 192-93 (1998). Thus, the plain language of the statute offers no support to Mbendeke's argument for a heightened mens rea requirement. Nor do we find Mbendeke's reliance on *United States v. Chowdhury*, 169 F.3d 402 (6th Cir. 1999), persuasive. Although *Chowdhury* determined that, under § 1325(c), the Government must show that the defendant knew her conduct was unlawful, it cited with approval a jury instruction substantively identical to the one given here. *Id.* at 406-07. We thus detect no error in the court's instruction on the scienter element of marriage fraud.

Next, Mbendeke asserts that § 1325(c) is unconstitutionally vague. "We consider whether a statute is vague as applied to the particular facts at issue, for a [defendant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *United States v. Jaensch*, 665 F.3d 83, 89 (4th Cir. 2011) (brackets and internal quotation marks omitted). Here, because Mbendeke "does not dispute that § 1325(c) clearly covers her own conduct, she may not challenge the statute on vagueness grounds based on its application to others." *United States v. Di Pietro*, 615 F.3d 1369, 1373 (11th Cir. 2010).

4

Turning to Mbono's claims, "[w]e review the district court's factual findings on a motion to dismiss an indictment for clear error, but we review its legal conclusions de novo." *United States v. Hosford*, 843 F.3d 161, 163 (4th Cir. 2016) (internal quotation marks omitted). To be sufficient, an indictment must "set forth all the elements necessary to constitute the offense intended to be punished," as well as "the essential facts constituting the offense charged." *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014) (brackets, emphasis, and internal quotation marks omitted).

Mbono assigns error to the district court's denial of her motion to dismiss Counts 2 and 3, which she claimed were subject to dismissal because her false statements were immaterial to the marriage fraud conspiracy. However, the Government was required only to set forth the elements and facts supporting the charges, not to link them to the conspiracy. A conviction under § 1001(a)(2) or § 1546(a) requires only that the false statement be material to "agency action," a requirement clearly met here. *United States v. Garcia-Ochoa*, 607 F.3d 371, 375 (4th Cir. 2010). Because our review of the indictment confirms that the Government adequately charged Counts 2 and 3, we find Mbono's argument lacking in merit.

We further reject Mbono's challenge to the sufficiency of the evidence to support her conspiracy conviction. We review the district court's denial of Mbono's Fed. R. Crim. P. 29 motion for judgment of acquittal de novo, and "will sustain the jury's verdict if it is supported by substantial evidence." *United States v. Cowden*, 882 F.3d 464, 474 (4th Cir. 2018). "In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government and inquire whether

there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Miltier*, 882 F.3d at 86 (internal quotation marks omitted).

To prove the existence of a § 371 conspiracy, the Government must show "(1) an unlawful agreement between two or more people to commit a crime; (2) that the defendant knowingly and willingly participated in that conspiratorial endeavor; and (3) an overt act committed in furtherance of the conspiracy." *United States v. Vinson*, 852 F.3d 333, 352 (4th Cir. 2017) (internal quotation marks omitted). "Once the Government proves a conspiracy, the evidence need only establish a slight connection between a defendant and the conspiracy to support conviction." *United States v. Green*, 599 F.3d 360, 367 (4th Cir. 2010).

The evidence at trial established that, after Mbendeke and her husband, Landry Mbendeke ("Landry"), legally immigrated to the United States from Cameroon, the Mbendekes devised a plan to recruit American citizens to marry members of Landry's family so that they too could lawfully reside in the United States. At the request of Mbono's brother,[1] Landry found an American, James Settles, who was willing to marry Mbono in exchange for $5,000. Mbono traveled to the United States, where she and Settles wed in April 2014. Several months later, in November 2014, Mbono submitted an immigration form in which she falsely claimed, under penalty of perjury, that she lived at

---

[1] Mbono's brother, Jean Jules Ngbwa Elle, was also indicted and tried with Mbono and Mbendeke, but was acquitted by the jury of the sole count in which he was charged.

Settles' address. She continued to misrepresent her address during two interviews with an immigration official in June and July 2015. During a follow-up interview in August 2015, Mbono admitted that she was never involved in a romantic relationship with Settles, and that she married him for the purpose of obtaining permanent resident status and better healthcare. Based on this evidence, we conclude that the Government adduced sufficient proof to support Mbono's conspiracy conviction.

Finally, Mbono claims that the immigration official who interviewed her entrapped her to commit perjury. "Entrapment is an affirmative defense that places on the defendant the initial burden of presenting some evidence that the government induced [her] to commit the offense charged." *United States v. Akinseye*, 802 F.2d 740, 743 (4th Cir. 1986). Here, Mbono presented no testimony or evidence in support of her entrapment defense. Moreover, although Mbono correctly contends that the immigration official knew before conducting the interviews that Mbono did not live with Settles, Mbono had already misrepresented her address in the immigration form submitted in November 2014. Thus, Mbono cannot establish a lack of predisposition to engage in perjury. *See United States v. McLaurin*, 764 F.3d 372, 379 (4th Cir. 2014).

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*